UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PHALANX GROUP INTERNATIONAL,

    Plaintiff,

v.                                                       Case No.: 3:18-cv-00244

CRITICAL SOLUTIONS INTERNATIONAL,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff PHALANX GROUP INTERNATIONAL ("Plaintiff" or "PGI"), by and through the undersigned counsel, sues Defendant CRITICAL SOLUTIONS INTERNATIONAL ("Defendant" or "CSI"), and, pursuant to Fed. R. Civ. P. Rules 39 and 57, alleges as follows:

1. This is an action for declaratory relief, breach of contract or in the alternative, unjust enrichment, and for the establishment of a constructive trust. Damages are alleged to exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, interest and costs.

## **PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff PHALANX GROUP INTERNATIONAL is a corporation with its principal place of business located at 400 Continental Blvd., 6th Floor, El Segundo, California.

3. Defendant CRITICAL SOLUTIONS INTERNATIONAL is a corporation located at 2933 Eisenhower St., Carrollton, Texas, which is within the jurisdiction of the United States District Court for the Northern District of Texas.

4. Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332 because

Plaintiff PGI is a resident of a different state from Defendant CSI and because the value of the matter in controversy exceeds the jurisdictional amount.

5. Venue in this District is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions on which Plaintiff PGI's claims are based occurred in the Northern District of Texas and it is where all causes of action arose. There is a valid contract between the parties (details of such to be discussed in further detail following) which was entered into "in the State of Texas, United States of America, and shall, for all purposes, be governed by and construed under the laws thereof regardless of where any Court action or proceeding is brought in connection with this Agreement.  Representative hereby consents to the jurisdiction of the courts of the State of Texas or the Federal courts sitting in Texas and waives any objection to such venue."

## FACTS

6. Plaintiff PGI is a provider of marketing, export and import consulting, and compliance services in the Aerospace and Defense industries.  Plaintiff PGI supports companies that are new to exporting outside the United States and new to export compliance laws and regulations, and provides support to defense contractors that require a high level of experience and expertise in these areas.

7. Defendant CSI is an ordnance clearance-focused firm that leverages the unparalleled survivability of the Husky payload delivery platform and C-IED operational context of existing Husky customers.  Defendant CSI offers products, equipment, and training regarding route clearance of explosive ordnance to militaries and security forces internationally.

8. Plaintiff PGI possesses access to and contacts in the Middle East,

particularly in the Kingdom of Saudi Arabia ("KSA"), that enables the sales and marketing endeavors of PGI on behalf of PGI's clients and customers.

9. Defendant CSI desired to enter the market of the Kingdom of Saudi Arabia to market and sell to the Ministry of Defense for KSA the Husky route clearance vehicles, the associated and necessary attachments and related equipment, and provide training on the utilization and maintenance of such products.

10. Ultimately, PGI and CSI negotiated a formal business arrangement whereby Plaintiff PGI, using their local marketing contacts and resources in the Middle East and in particular the KSA, would, on behalf of Defendant CSI, develop and facilitate opportunities between CSI and the Ministry of Defense for KSA relative to the sales and marketing of CSI's products and services.

11. The business arrangement between Plaintiff PGI and Defendant CSI was that PGI was to act as the Sales Representative and Agent for CSI. As part of their business arrangement, PGI and CSI entered into a Sales Representation Agreement (hereinafter "the Agreement") on or about December 12, 2013, a copy of which is attached hereto and incorporated herein as **Exhibit A**.

12. The Agreement provides for a term through December 31, 2018. Exh. A Para.2 – Term of the Agreement. The Agreement provides for the payment of commissions by the Defendant to the Plaintiff pursuant to "Attachment A" to the Agreement. Exh. A para.14 – Orders and Sales; Exh. A Attachment A. The Agreement also provides that commission payments owed to Plaintiff shall survive for a period of "up to ten (10) years after the end of the Agreement". Exh. A para.15 – Termination of the Agreement.

13. Plaintiff has performed its duties under the Agreement by facilitating

Orders for Sale and Purchase of products and services provided by Defendant CSI, which orders were obtained through the marketing, referral, and networking efforts of Plaintiff PGI.  Defendant CSI earned profits from these sales, a percentage of which is owed to PGI by way of commission payment.  Further, through the efforts of Plaintiff PGI, Defendant CSI has continued to sell their products and services at a profit to the Ministry of Defense for the KSA.  Pursuant to the Agreement, Plaintiff PGI is entitled to commissions on those sales.

14. Defendant CSI has failed to make commission payments owed to Plaintiff PGI pursuant to the Agreement.

15. Plaintiff has made demand for the commissions remaining unpaid, due, and owing to the Plaintiff, who is entitled to such commissions, by virtue of the Agreement, and as a consequence of the orders for and delivery of products from the Defendant to the KSA resulting from the efforts and contacts of the Plaintiff.  Attached hereto and incorporated herein as **Exhibit B** is the Plaintiff's October 6, 2017 demand letter for payment pursuant the Agreement.

16. Defendant refuses to comply with Plaintiff's demand for and the Defendant's contractual obligation to pay commissions on past sales and future sales resulting from the Plaintiff's contacts and efforts.  Defendant's response to Plaintiff's demand for commission payments is attached hereto and incorporated herein as **Exhibit C**.

17. All conditions precedent have been met or waived.

18. Plaintiff has retained the undersigned attorney to represent it in this matter and has agreed and obligated itself to pay a reasonable fee for his services.  Pursuant to Tex. Civ. Prac. & Rem. Code sec. 38.001 and 38.002, Plaintiff PHALANX GROUP

INTERNATIONAL is entitled to recover costs of this action and reasonable attorney's fees from Defendant.

## Count I – DECLARATORY RELIEF

19.  Plaintiff PHALANX GROUP INTERNATIONAL re-alleges and incorporates by reference paragraphs 2 through 18, as if fully restated herein.

20.  This is an action for declaratory relief pursuant to 28 U.S.C. sec. 2201 to resolve an actual controversy relative to the Agreement between the parties hereto.

21.  The parties entered into a valid contract wherein Plaintiff PGI would promote and secure sales of the product line of Defendant CSI to foreign government(s), and Defendant was obligated to compensate Plaintiff for such efforts and resulting sales by the payment of commissions on same.  A copy of the Agreement has been previously attached as Exhibit A.

22.  The original contract titled "Sales Representation Agreement" was entered into between CSI (John Wesley White on behalf of CSI) and PGI (Omar Sadek, President on behalf of PGI) on December 12, 2013.  The term of the Agreement was to continue through December 31, 2018, "at which time it shall expire".  Section 15.5 of this agreement, relative to the termination of the agreement, states "In light of the fact that Representative is providing valuable contacts to CSI, any sale made by CSI to the Customer, directly or indirectly, that is facilitated through contacts provided by Representative to CSI shall be considered a sale made by Representative and Representative shall be paid the appropriate commission for a period of up to ten (10) years after the end of this Agreement."  Section 16 – Payment, references  "Attachment A" to the Agreement, which provides that "For the sales of all equipment and associated supplies, Representative shall be paid 5% of the total fee invoiced and collected from

Customer each month by CSI related to sales facilitated by Representative. Payment shall be made within 15 days after receipt of Customer payment to CSI. Any and all compensation and payment terms shall survive the expiry or termination of this agreement".

23.    There was another sales agreement entered into between CSI (John Wesley White on behalf of CSI) and PGI (Richard Schwartz-CEO on behalf of PGI) executed on December 17, 2013, a copy of which is attached hereto and incorporated herein as **Exhibit D**. Section 2 – Term of each sales agreement establishes the effective date of both agreements as December 12, 2013, but the agreement dated December 17, 2013 reduces the term from December 31, 2018 to December 31, 2015. All other terms and conditions of the agreements are identical except for the two following revisions in the agreement dated December 17, 2013: first, Section 15.1 removed the language "In this instance, CSI shall reimburse Representative for all expenses incurred up to the date of termination. Further, should a pending sale of Products be completed by CSI after such termination, Representative shall still be entitled to its full commission", which is found in the same section of the December 12, 2013 Agreement. The second revision in Section 15.5 reduced the post-termination commission period from 10 years in the December 12, 2013 agreement to 5 years in the December 17, 2013 agreement.

24.    There were various amendments to both agreements regarding the commission structure owed to Plaintiff PGI. On February 14, 2014, the parties executed Sales Representative Agreement – Amendment 2, referencing the December 17, 2013 agreement, a copy of which is attached hereto and incorporated herein as **Exhibit E**. Amendment 2 increased the commission rate payable to Plaintiff PGI to 8%. On July

13, 2015, the parties executed Sales Representative Agreement – Amendment 3, referencing the December 17, 2013 agreement, a copy of which is attached hereto and incorporated herein as **Exhibit F**.  Amendment 3 reduced the commission rate to 5%. The final and most recent Amendment was executed on January 11, 2016, Amendment 1 to the original December 12, 2013 agreement, a copy of which is attached hereto and incorporated herein as **Exhibit G**.  Amendment 1 made a number of changes to the original December 13, 2013 agreement.  The latest revision, Amendment 1, would suggest that the original agreement executed on December 12, 2013, and the terms and conditions contained therein, are controlling for the purpose of interpreting the commissions owed and the period in which those provisions shall be due and payable to Plaintiff PGI.

25.   Plaintiff PHALANX GROUP INTERNATIONAL therefore requests that the Court enter a Declaratory Judgment in favor of Plaintiff, finding that the Sales Representation Agreement dated December 12, 2013, together with Amendment 1 thereto dated January 11, 2016, is the controlling Agreement between the parties.

### Count II – Breach of Contract

26.   Plaintiff PHALANX GROUP INTERNATIONAL re-alleges and incorporates by reference paragraphs 2 through 17 as if fully restated herein.

27.   This is an action for breach of a Sales Representation Agreement, where damages are alleged to exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney's fees, interest and costs.

28.   Defendant sought the services, resources and access through the contacts of Plaintiff regarding the sales of products and services to the Ministry of Defense for the Kingdom of Saudi Arabia.

29. The parties entered into a valid contract wherein Plaintiff would promote and secure sales of Defendant's product line and services to foreign governments and Defendant was obligated to compensate Plaintiff for such efforts and resulting sales by the payment of commissions.  A copy of the Agreement has been previously attached as Exhibit A.

30. The Sales Representation Agreement is a valid, binding, and enforceable agreement between the parties.

31. Plaintiff has fulfilled its contractual obligations pursuant to the Agreement, developing business opportunities between Defendant and the Ministry of Defense for the KSA through Plaintiff's substantial network of contacts and efforts to market and sell Defendant's product line and services, in particular the Husky Vehicle System and peripheral supplies and services.

32. Plaintiff, through their marketing efforts and contacts, facilitated a purchase agreement from the KSA for the initial purchase from Defendant CSI of at least seven Husky vehicle platforms, as well as various related equipment and services.

33. Upon information and belief, the number of such orders may now exceed thirty such vehicles and related equipment and services, to which Plaintiff is entitled to the payment of commission pursuant to the Agreement.

34. Defendant has delivered the initial order of the Husky vehicles and received payment for same.

35. Defendant has refused to pay the contractually obligated commission to Plaintiff.

36. Plaintiff has demanded payment, but more than 30 days has passed and Defendant continues to refuse to pay.

37. The Defendant's breach has damaged Plaintiff and continues to cause damage to Plaintiff. The Defendant's breach is the proximate cause of the damages sought by Plaintiff.

38. Plaintiff has retained the undersigned attorney to represent it in this matter and has agreed and obligated itself to pay a reasonable fee for his services. Pursuant to Tex. Civ. Prac. & Rem. Code sec. 38.001 and 38.002, Plaintiff PHALANX GROUP INTERNATIONAL is entitled to recover costs of this action and reasonable attorney's fees.

### Count III (Alternative to Count II) – Unjust Enrichment

39. Plaintiff PHALANX GROUP INTERNATIONAL alternatively alleges a cause of action for unjust enrichment.

40. Plaintiff PHALANX GROUP INTERNATIONAL re-alleges and incorporates by reference paragraphs 2 through 17, as if fully restated herein.

41. Plaintiff PHALANX GROUP INTERNATIONAL conferred a benefit upon and rendered services to CRITICAL SOLUTIONS INTERNATIONAL, who had knowledge of said benefit and services rendered.

42. Specifically, Plaintiff PGI developed a business relationship with the KSA on behalf of Defendant CSI, which resulted in the purchase of a number of Husky vehicles and related products and services, and that number continues to grow, resulting in a substantial and significant profit for Defendant CSI.

43. Defendant CSI voluntarily accepted and retained the benefit and services rendered which Plaintiff PGI conferred upon CSI, and it would be inequitable to Plaintiff for Defendant to retain the benefit without paying to Plaintiff the value thereof.

44. Plaintiff has suffered actual damages as a result of Defendant's

inequitable retention of the benefit and refusal to pay commissions.

45. Plaintiff has demanded payment, but more than 30 days has passed and Defendant continues to refuse to pay.

46. Plaintiff has retained the undersigned attorney to represent it in this matter and has agreed and obligated itself to pay a reasonable fee for his services.  Pursuant to Tex. Civ. Prac. & Rem. Code sec. 38.001 and 38.002, Plaintiff PHALANX GROUP INTERNATIONAL is entitled to recover costs of this action and reasonable attorney's fees.

## Count IV – CONSTRUCTIVE TRUST

47. Plaintiff PHALANX GROUP INTERNATIONAL re-alleges and incorporates by reference paragraphs 2 through 17, as if fully restated herein.

48. This is an action for the establishment of a constructive trust.

49. Plaintiff PHALANX GROUP INTERNATIONAL conferred a benefit upon CRITICAL SOLUTIONS INTERNATIONAL, who had knowledge of said benefit. Specifically, Plaintiff PGI developed a business relationship on behalf of the Defendant CSI with the KSA, which resulted in the purchase of a number of Husky vehicles, as well as peripheral equipment and services, and that number of purchased products and services continues to grow, resulting in a substantial and significant profit for the Defendant.

50. Defendant CSI voluntarily accepted and retained the benefit which Plaintiff conferred upon CSI and it would be inequitable to Plaintiff for Defendant to retain the benefit without paying the value thereof which CSI is contractually obligated to pay but has retained for its own benefit and use.

51. As a result of CSI's retention of the sales proceeds and refusal to pay the

contractually agreed upon commissions, the Plaintiff has suffered actual damages due to the Defendant's inequitable retention of the benefit.

52.     As a result, CSI has been unjustly enriched.

53.     PHALANX GROUP INTERNATIONAL requests that the Court impose a constructive trust upon Defendant CRITICAL SOLUTIONS INTERNATIONAL as to any funds being retained by CRITICAL SOLUTIONS INTERNATIONAL as commissions due and owing to Plaintiff PHALANX GROUP INTERNATIONAL.

**WHEREFORE**, Plaintiff PHALANX GROUP INTERNATIONAL respectfully requests that the Court enter a Declaratory Judgment in favor of Plaintiff, enter judgment in favor of Plaintiff for damages, attorney's fees, costs and expenses, and pre-judgment interest, and impose a constructive trust upon Defendant CRITICAL SOLUTIONS INTERNATIONAL.  Plaintiff additionally requests such other and further relief as this Court deems just and proper.

 Dated: January 30, 2018.

**WIDERMAN MALEK, PL**
1990 W. New Haven Ave., Ste. 201
Melbourne, Florida 32904
Tel. (321) 255-2332
Fax (321) 255-2351
Primary email:
Brett@USLegalTeam.com
Secondary email:
Scott@USLegalTeam.com
Melissa@USLegalTeam.com
Jessica@USLegalTeam.com

_____
Brett A. Hyde, Esquire
Florida Bar No. 0604801
Scott D. Widerman, Esquire

Florida Bar No. 0585823
*Pro Hac Vice admission pending*

Respectfully submitted,

  /s/  Diana Cochrane
Jay R. Downs
State Bar No. 06088200
Diana Cochrane
State Bar No.  24063991
DOWNS    STANFORD, P.C.
2001 Bryan Street, Suite 2001
Dallas, Texas 75201
(214) 748-7900
(214) 748-4530 (Facsimile)
jdowns@downsstanford.com
dcochrane@downsstanford.com

**Attorneys for Plaintiff**