UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHALANX GROUP INTERNATIONAL, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0244-B |
| | § | |
| CRITICAL SOLUTIONS INTERNATIONAL, | § § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Critical Solutions International's (CSI) motion to dismiss. Doc. 11. For the reasons stated, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This is a breach-of-contract case. Plaintiff Phalanx Group International (Phalanx) advises companies in the aerospace and defense industries seeking to export their products. Doc. 1, Pl.'s Compl., ¶ 6. CSI offers explosive removal products, equipment, and training to militaries and security forces internationally. *Id.* ¶ 7.

On December 12, 2013, Phalanx and CSI entered into a contract (December 12 SRA) whereby Phalanx promised to sell CSI's products to the Kingdom of Saudi Arabia in exchange for commission. *Id.* ¶¶ 9–12. On December 17, 2013, the parties executed a second contract (December 17 SRA), which "supersede[d] all previous agreements." Doc. 1-4, December 17 SRA, ¶ 24. The

---

[1]The Court draws the facts from Phalanx's complaint and its attachments.

-1-

December 12 SRA and December 17 SRA materially differ in some ways, but both have an effective date of December 12, 2013. *Compare id.* ¶ 2, *with* Doc. 1-1, December 12 SRA, ¶ 2.

On February 14, 2014, July 13, 2015, and January 11, 2016, the parties executed amendments. Docs. 1-5, 1-6, 1-7. The first two amendments apply to "the Sale Representation Agreement . . . dated the 17th of December 2013," or the December 17 SRA. Docs. 1-5, 1-6. But the January 11, 2016 amendment applies to the "Representative Agreement with an effective date of 13 December 2013." Doc. 1-7. The parties did not execute a contract on December 13, 2013.

On November 6, 2017, CSI refused to pay Phalanx commission. Doc. 1, Pl.'s Compl., ¶¶ 13–16. So on January 30, 2018, Phalanx filed suit against CSI for breaching the December 12 SRA or, in the alternative, unjust enrichment. *Id.* ¶¶ 26–46. Phalanx also seeks a declaration that the governing contract between the parties is the December 12 SRA, not the December 17 SRA. *Id.* ¶¶ 17–25. CSI filed this motion to dismiss, asserting that the December 17 SRA superceded the December 12 SRA. Doc. 11, Def.'s Mot. to Dismiss, 3–4. CSI's motion is ripe for consideration.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774

(5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

CSI seeks dismissal of Phalanx's declaratory-judgment and breach-of-contract claims because the December 17 SRA superceded the December 12 SRA. Doc. 12, Def.'s Mot. Dismiss, 3. CSI also asks the Court to dismiss Phalanx's unjust-enrichment claim because neither party disputes whether a contract governs their relationship. *Id.* at 14–15. Phalanx responds that the January 11, 2016 amendment revived the December 12 SRA because it applies to the SRA with an effective date of December 13, 2013. Doc. 17, Pl.'s Resp., 2. And Phalanx says it can maintain its unjust-enrichment claim in the alterative. *Id.* at 6–7.

The Court agrees with CSI—the December 17 SRA superceded the December 12 SRA and governs the parties' relationship. Under Texas law, parties may extinguish a prior contract by

executing a superceding contract. *See R. Ready Prods., Inc. v. Cantrell*, 85 F. Supp. 2d 672, 694 (S.D. Tex. 2000). "The key element in determining whether the prior contract is extinguished is the parties' intent as expressed in the relevant contracts." *Id.* The December 17 SRA expressly supersedes the December 12 SRA. Doc. 1-4, December 17 SRA, ¶ 24. ("This Agreement contains the entire agreement between the Parties and it supercedes all previous agreements."). And the fact that the January 11, 2016 amendment references the December 13 SRA is meaningless because there is no December 13 SRA. In light of the Court's analysis and the fact that neither party disputes that a contract governs their relationship, Phalanx cannot maintain its unjust-enrichment claim. *TIB–The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 672 (N.D. Tex. 2014) ("Because neither TIB nor CCB disputes the existence of a contract that governs the parties' relationship, TIB cannot state an alternative claim under Texas law for unjust enrichment or for money had and received."). So the Court **DISMISSES with prejudice** Phalanx's unjust-enrichment claim and request for declaratory relief and **DISMISSES without prejudice** Phalanx's breach-of-contract claim.

## IV.

## CONCLUSION

For the reasons stated, the Court **DISMISSES with prejudice** Phalanx's unjust-enrichment claim and request for declaratory relief and **DISMISSES without prejudice** Phalanx's breach-of-contract claim. If Phalanx wishes to amend its complaint, it must do so by **July 30, 2018**.

**SO ORDERED.**

**SIGNED: July 10, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE